IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOMINIQUE SUPREME GULLEY-RUTHERFORD,

                Plaintiff,                    OPINION AND ORDER

v.

                                                    24-cv-752-wmc

ERIC DISCH,

                Defendant.

Plaintiff Dominique Supreme Gulley-Rutherford, a state inmate currently housed at Columbia Correctional Institution who is representing himself, alleges in an amended complaint (dkt. #4) that Madison Police Officer Eric Disch used excessive force when arresting Gulley-Rutherford by not timely calling off his K-9, "Bowie." The court allowed plaintiff to proceed on a Fourth Amendment excessive force claim. (Dkt. #6.) However, the court will vacate and withdraw that previous order because Gulley-Rutherford requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) by filing three previous civil actions while imprisoned that were dismissed for failure to state a claim. *See Gulley v. Ehlke*, 11-cv-843-wmc, dkt. #8 (W.D. Wis.) (dismissed Aug. 23, 2012); *Gulley v. Sweeney*, 14-cv-321, dkt. #11 (W.D. Wis.) (dismissed June 25, 2015); *Gulley-Fernandez v. Naseer*, 16-cv-133, dkt. #11 (E.D. Wis.) (dismissed May 5, 2016).[1] For the reasons explained below, plaintiff may not proceed without prepayment of the filing fee, but the court will allow plaintiff until October 3, 2025, to pay the filing fee.

---

[1] Gulley-Rutherford apparently goes by a variety of names, including just "Gulley" and "Gulley-Fernandez." Regardless, he provided the same prisoner identification number in the relevant cases.

OPINION

Under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Here, although plaintiff alleges that he continues to suffer pain and anxiety from the dog bite, he does not allege imminent danger when he alleges that a Madison police K-9 bit him in February 2024, and plaintiff was incarcerated at Columbia Correctional Institution when he filed this complaint. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[a]llegations of past harm do not suffice" for imminent danger). Thus, the court concludes that plaintiff is barred from proceeding without prepaying the full $405 filing fee. If he pays the filing fee by the deadline below, the court will screen his complaint under 28 U.S.C. § 1915A. If he does not pay the fee by the deadline, the court will dismiss this case.

ORDER

IT IS ORDERED that:

1) This court's previous order (dkt. #6) is WITHDRAWN and VACATED.

2) Plaintiff may have until **October 3, 2025**, to pay the $405 filing fee for this case. Otherwise, this case will be dismissed without prejudice.

Entered this 5th day of September, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge